UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANET MOLERO AND ALLAN MOLERO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7712** |
| **STATE FARM FIRE & CASUALTY AND COMPANY AND ED MOPEY SCHAUMBURG** | **SECTION B(1)** |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion To Remand (Rec. Doc. No. 6). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED.**

*BACKGROUND*

On or about August 29, 2005, Plaintiffs sustained significant damage to their residence located at 6523 Louis XIV Street, New Orleans, Louisiana as a result of Hurricane Katrina. Plaintiffs' relevant State Farm Fire & Casualty and Company Policy was effective on August 29, 2005.

On August 3, 2006, Plaintiffs filed suit against Defendants in the Civil District Court for the Parish of Orleans. Plaintiffs generally alleged claims of breach of contract, negligence and breach of fiduciary duties. Defendant, State Farm Fire & Casualty ("State Farm") removed the matter to federal court claiming that federal subject matter exists pursuant to diversity of citizenship jurisdiction.

State Farm contends that diversity of citizenship jurisdiction exists as the amount in

controversy exceeds $75,000.00 and complete diversity exists between proper parties. State Farm argues that the non-diverse insurance agent, Ed Mopey Schaumburg ("Schaumburg"), was improperly joined as a defendant.

Plaintiffs contend that Schaumburg was properly joined as a defendant; therefore, diversity of citizenship is destroyed and this Court lacks jurisdiction.

### *LAW AND ANALYSIS*

**A.     Improper Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

In certain circumstances, however, a party may remove by showing that a nondiverse party was improperly joined. *Id.* There are two ways to establish improper joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* Ultimately, the test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of

recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.

A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The scope of inquiry, however, is somewhat broader than that for Rule 12(b)(6) because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003) (citing *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Louisiana Revised Statute 9:5606 provides a one year prescriptive period and three year peremptive period for claims against insurance agents. The statute provides in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
> LA. REV. STAT. ANN. § 9:5606 (2006).

Louisiana law imposes a duty on the insured to read and to know his insurance policy

3

provisions. *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D. La. 2006) (citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95). Insurance agents "have a duty only to use reasonable diligence in attempting to place the insurance requested." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at*10 (E.D. La. 7/21/06) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La.1973)). Louisiana law, however, does not impose a duty on agents to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage." *Id.* Generally, the peremptory period properly runs from the original date of purchase and is not tolled, suspended, or restarted by any subsequent renewals absent (1) some evidence that the agent made later negligent misrepresentations, and (2) that Plaintiff(s) justifiably relied upon them. *Id.* at *10-*11.

To determine whether Plaintiffs' claims are perempted, the Court must first determine at what moment in time the peremptive period began to run, ie- when the negligence occurred, or when it was discovered or should have been discovered by Plaintiffs. Plaintiffs asserts in their complaint filed on August 3, 2006, that, following Hurricane Ivan, they contacted Schaumburg "and requested additional flood insurance" and "were told there was no excess flood insurance available." (Rec. Doc. No. 1-2 at 2). Plaintiffs asserts that Schaumburg was negligent and/or breached the contract by failing to procure adequate insurance coverage.

Plaintiffs' policy was originally purchased in 1989. Although this purchase date falls well outside the three year maximum peremptive period, Schaumburg's more recent alleged acts of negligence may serve to toll peremption. Therefore, assuming Plaintiffs offer adequate evidence that Schaumburg made negligent misrepresentations and Plaintiffs justifiably relied upon them within three years of the suit being filed, Plaintiffs' claims are not perempted.

In addition, Plaintiffs' claims are not prescribed.  Plaintiffs assert that their claims fall within one year from the date that Schaumburg's alleged  negligent act  was discovered or discoverable.  Any defects in Plaintiffs' policy were reasonably discoverable after Hurricane Katrina.  Plaintiff filed suit on August 3, 2006; therefore, their claims fall within the one year prescriptive period.  Thus, the Court finds that Defendants have not proven that Plaintiffs do not stand a reasonable possibility of prevailing against Schaumburg under Louisiana law.  Consequently, Schaumburg was properly joined, and complete diversity is destroyed.  Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 13th day of March, 2007.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE